IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| ex rel. RAMESH GUDUR, | § | |
| | § | |
| Plaintiff-Relator, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-00-1169 |
| | § | |
| TEXAS DEPARTMENT OF HEALTH, | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is Defendant National Heritage Insurance Company's Motion to Clarify Under Federal Rule of Civil Procedure 60(a) (Docket Entry No. 742). For the reasons explained below the motion will be denied.

On August 29, 2002, the court entered a Memorandum and Order (Docket Entry No. 237) in which it considered motions to dismiss filed by National Heritage Insurance Company (NHIC) (Docket Entry No. 204) and Deloitte & Touche (Docket Entry No. 205), and a number of motions for entry of partial final judgment filed by various school district defendants. After considering NHIC's assertion of sovereign immunity, the court concluded that "[t]he State of Texas clearly is the real party in interest in this action, and accordingly, NHIC is entitled to sovereign immunity as an arm of the state." (Docket Entry No. 237 at p. 8) After considering the

jurisdictional bar to claims asserted under the False Claims Act, 31 U.S.C. § 3730(e)(4)(A), asserted by both NHIC and Deloitte & Touche, the court concluded that Relator's

> allegations raise an inference that Gudur has direct and independent knowledge that Deloitte inflated SHARS reimbursement rates. Therefore, to the extent that one of Gudur's claims is premised on his being an original source of information that Deloitte used improper data and multipliers wrongfully to inflate the reimbursement rates, the Court has jurisdiction over that claim.
>
> The allegations in Gudur's complaint do not, however, support an inference that Gudur has direct and independent knowledge regarding his claims that Deloitte received illegal percentage-based fees for its work, or that Defendants engaged in any fraudulent billing practice unrelated to the alleged inflation of reimbursement rates. Because these claims are based upon allegations and transactions publicly disclosed in Barron, they will be dismissed for lack of subject matter jurisdiction.

(Docket Entry No. 237 at p. 15)  Observing that Relator had only vaguely alleged "throughout his Complaint that unspecified 'Defendants' made various false representations and claims" (Docket Entry No. 237 at p. 16), but that Gudur had not

> pled the time, place, and contents of the alleged false representations and certifications made by Deloitte to the United States government or to any other party to get a false or fraudulent claim paid or approved, nor has he alleged the identity of the individual who allegedly made false representations and certifications to the United States Government or any other party in Deloitte's behalf . . . Gudur's False Claims Act suit against Deloitte will be dismissed unless Gudur, within fourteen (14) days after the entry of this Order, files a more definite statement in the form of an amended complaint, in which he pleads with sufficient particularity to comply with Rule 9(b), his remaining claim against Deloitte, as to which Plaintiff claims to be an original

>    source, relating to the allegedly inflated SHARS
>    reimbursement rates.

(Docket Entry No. 237 at pp. 16-17)

After considering the school districts' requests for entry of partial final judgment, the court concluded that those requests should be denied because the school districts had not asserted "danger of hardship or injustice through delay," while "[e]ntry of partial final judgment on Gudur's claims against the school district Defendants would require Gudur to file a piecemeal appeal solely to preserve his claims against the school district Defendants." (Docket Entry No. 237 at 19)  The court then ordered that NHIC's "Motion to Dismiss (Docket Entry No. 204) is GRANTED, and Gudur's claims against [NHIC] are DISMISSED on the merits." (Docket Entry No. 204 at pp. 19-20)

Subsequently, the Fifth Circuit held that NHIC is not an arm of the state and is not entitled to sovereign immunity.  See United States ex rel. Barron v. Deloitte & Touche, L.L.P., 381 F.3d 438, 442 (5th Cir. 2004), cert. denied, 125 S.Ct. 2905 (2005).

NHIC argues that the court's August 29, 2002, Memorandum and Order is ambiguous because it "failed to definitively articulate that Gudur's claims against [it] were dismissed not only on the basis of Eleventh Amendment Sovereign Immunity, but also because of lack of subject matter jurisdiction pursuant to 31 U.S.C. § 3730(e)(4)(A)," i.e., the FCA's "original source" jurisdictional

bar.  (Docket Entry No. 742-1 at p. 5)  Therefore, NHIC asks the court

>   to clarify that the dismissal of all claims against it in the [Memorandum and Order entered on August 29, 2002 (Docket Entry No. 237)] was based on multiple, independent grounds, including: (1) the "original source" jurisdiction bar of 31 U.S.C. § 3730(e)(4)(A); and (2) Eleventh Amendment sovereign immunity.

(Docket Entry No. 742-1 at pp. 3-4)  Citing West Texas Marketing Corp. v. Kellogg, 12 F.3d 497, 503 (5th Cir. 1994), NHIC argues that "Rule 60(a) finds application where the record makes apparent that the court intended one thing but by merely clerical mistake or oversight did another."  (Docket Entry No. 742-1 at p. 4)  NHIC argues that clarification is needed because following the material change in the law caused by the Fifth Circuit's decision in Barron, 381 F.3d at 438, "it is unlikely that this Court's dismissal of the claims against NHIC on the basis of Eleventh Amendment immunity would withstand appellate scrutiny."  (Docket Entry No. 742 at p. 6)

   Citing United States ex rel. Foulds v. Texas Tech University, 171 F.3d 279, 285-288 (5th Cir. 1999), cert. denied, 120 S.Ct. 2194 (2000), Relator argues that NHIC's motion should be denied because "sovereign immunity is a threshold issue that is decided prior to consideration of any alternative grounds and which if found to exist divests the court of jurisdiction and the power to opine on any alternative grounds for dismissal."  (Docket Entry No. 752-1 at pp. 2-3)  Citing West Texas Marketing, 12 F.3d at 503, Relator

-4-

argues that NHIC's motion should be denied for the additional reason that Rule 60(a) is not a mechanism by which a party can seek to have a court substitute new grounds for a prior decision. (Docket Entry No. 752-1 at p. 3)

NHIC responds that Relator's reliance on <u>Foulds</u> is "fundamentally misplaced" because <u>Foulds</u> "merely supports the undisputed—and entirely irrelevant—rule that a federal Court cannot conclude that it lacks jurisdiction and then consider the merits of a case." (Docket Entry No. 754 at p. 3) NHIC argues that <u>Foulds</u> is inapplicable because "this Court has not simultaneously found that it lacks jurisdiction and offered an advisory opinion on the merits . . . [but, instead,] conclud[ed] that it lacks subject matter jurisdiction for multiple reasons." (Docket Entry No. 754 at p. 3) NHIC also argues that Relator has incorrectly argued that "NHIC is requesting an improper and 'disingenuous' correction under Federal Rule of Civil Procedure 60(a)," because when "[c]arefully read, this Court's Order ***already concludes*** that the Court lacks subject matter jurisdiction over Gudur's FCA claims against NHIC because of the 'public disclosure' bar of 31 U.S.C. § 3730(e)(4)(A)." (Docket Entry No. 754 at p. 4) (emphasis in original)

In <u>West Texas Marketing</u>, 12 F.3d 497, 504-05, the Fifth Circuit explained that

> the relevant test for the applicability of Rule 60(a) is whether the change affects substantive rights of the

parties and is therefore beyond the scope of Rule 60(a) or is instead a clerical error, a copying or computational mistake, which is correctable under the Rule. As long as the intentions of the parties are clearly defined and all the court need do is employ the judicial eraser to obliterate a mechanical or mathematical mistake, the modification will be allowed. If, on the other hand, cerebration or research into the law or planetary excursions into facts is required, Rule 60(a) will not be available to salvage the government's blunders. Let it be clearly understood that Rule 60(a) is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes, minor shifting of facts, and no new additional legal perambulations which are reachable through Rule 60(a).

The August 29, 2002, Memorandum and Order clearly stated that NHIC "moves to dismiss Gudur's claims for lack of subject matter jurisdiction, arguing that it has sovereign immunity and that the FCA's jurisdictional bar applies to Gudur's claims." (Docket Entry No. 237 at p. 2)  The analysis the court conducted before concluding both that the NHIC was entitled to sovereign immunity and that two of Gudur's three claims were subject to the FCA's jurisdictional bar, was conducted under Federal Rule of Civil Procedure 12(b)(1), which governs motions to dismiss on grounds that the court lacks subject matter jurisdiction. Because the two alternative grounds on which NHIC sought dismissal were both based on assertions that the court lacked subject matter jurisdiction, and because the Fifth Circuit's holding in Foulds does not preclude the court from stating alternative grounds for concluding that it lacked subject matter jurisdiction, the court is not persuaded by Relator's argument that Foulds precludes the court from granting

NHIC's motion to clarify. Nevertheless, because NHIC has failed to identify a clerical error, or a copying or computational mistake, and has, instead, clearly stated that "this Court's Order ***already concludes*** that the Court lacks subject matter jurisdiction over Gudur's FCA claims against NHIC because of the 'public disclosure' bar of 31 U.S.C. § 3730(e)(4)(A)," and asserted that "NHIC merely seeks the addition of a few words or a phrase more directly articulating this already-made legal conclusion" (Docket Entry No. 754 at p. 4), the court concludes that NHIC's motion for clarification should be denied because NHIC has failed to demonstrate that there is anything to correct or clarify. Accordingly, Defendant National Heritage Insurance Company's Motion to Clarify Under Federal Rule of Civil Procedure 60(a) (Docket Entry No. 742) is **DENIED**.

    **SIGNED** at Houston, Texas, on this 14th day of March, 2007.

                                                       SIM LAKE
                                       UNITED STATES DISTRICT JUDGE